# Elizabeth Silver
*545 8th Avenue, Suite 401 New York, NY 10018*
*Tel # (646) 719-0003 & Email: liz@perezrevenge.com*

August 21, 2008

Via Fax # (212) 805-4258
Hon. Debra Freeman USMJ
United States District Court Hours
Southern District of New York
500 Pearl Street, Chambers
New York, NY 10007

RECEIVED
AUG 21 2008

Re:   Silver v Lavandeira, 08-cv-6522 (JSR)(DCF)

Honorable Judge Freeman:

I am the plaintiff pro-se in the above matter.

I am in receipt of the Court's August 19, 2008 Order and thank the Court for adopting the schedule proposed.

With regard to the Court's questions or references to „discovery", I apologize if my letter was not clear. My reference to discovery was not to suggest that I was interested at this time to embark upon „merits discovery". My reference was to „jurisdictional discovery" or discovery related to other issues, which The Court has identified as being relevant based upon Defendant's representations or pronouncements about the Court's jurisdiction and/or retention of this case.

In that regard, the Court should note that this Defendant is notorious for suggesting that things require the Court's immediate attention *(when in fact they do not require such attention)*. We have already experienced that with the aborted Motion for Emergent Relief that was brought on by letter to the Court on August 11, 2008, then argued before Judge Rakoff at an in-person Conference on August 13, 2008 and then withdrawn on August 14, 2008. The other thing for which this Defendant is known is for his attempt to evade service of process and his suggestions that the New York Court does not have jurisdiction over him.

Since his first appearance in this Court, Defendant Lavandeira has claimed that he is not subject to the Court's jurisdiction and he has claimed that he was not properly served. I am anxious to resolve those issues without the unnecessary delay that are a trademark of Defendant Lavandeira.

I submit the below listed limited discovery will reduce Motion practice and secure admissible evidence related to jurisdiction, service or other relevant issues. The limited requests are:

1. Limited Discovery Directed to Defendant Lavandeira – Interrogatories and Requests for Production of Documents limited to the issues upon which Defendant Lavandeira said his Motion to Dismiss will be based [1];

---

[1] I served these limited Interrogatories and Requests for Production of Documents on Aug. 1, 2008 after the July 25, 2008 telephonic Rule 26 „meet and confer" with Defendants' counsel prior to the first Conference Call with the Court when Defendant's counsel announced the basis for the Motion to Dismiss that was originally to have been

Elizabeth Silver

Re: Silver v Lavandeira, 08-cv-6522 (JSR)(DCF)
August 21, 2008 Letter – Page 2

> The Court reiterates that all discovery in this action is currently stayed. This includes both "merits" discovery and "jurisdictional" discovery, and extends to both party and non-party discovery. If, upon review of Defendant's motion papers, Plaintiff believes discovery is needed to respond to particular points made by Defendant in those papers, Plaintiff may explain, in her opposition papers, specifically what discovery is needed and why (meaning what particular points cannot be responded to without discovery, and what discovery would be required to address these particular points). The Court will consider any such argument when it considers the motion.

2. Limited Discovery to Third Parties – Not more than 10 Subpoenas directed to the businesses and/or entities to, with and/or through which Defendant Lavandeira conducts or solicits business in New York [2];

3. Limited Discovery Related to Defendants' Claim that he was not properly served – 3 Interrogatories and 3 Requests for Production of Documents;

4. Limited Discovery Related to Defendants' Claim that the Case should be Transferred to California because of the „first filed" rule or *forum non conveniens* – 5 Interrogatories and 5 Requests for Production of Documents; and

5. Limited Discovery Related to the Defendants Allegation that the California Action – which is predicated upon the Anti-Cyber Squatting Act – and 2 Interrogatories and 2 Requests for Production of Documents upon which Defendant will base his allegations to this Court that (i) the California Case has merit and should not be dismissed on its face and (ii) I am subject to jurisdiction in California.

The Court should note that I intend to file a Motion to Preserve Certain Documents and Evidence, including Electronically Stored Information, such as emails, telephone records, faxes and other documents, relevant to Plaintiff's claims and which if not preserved may be lost, destroyed or overwritten, intentionally or negligently. I will contact my adversary and will then be in touch with Chambers to find out when is a convenient time next week to come in with this application.

In closing, I respectfully pray that the Court „So Order" this letter permitting the limited discovery and require Defendant to cooperate and respond.

Thanking you for the Court's assistance in moving this matter forward, I remain,

Respectfully submitted,

Elizabeth Silver

cc: Jeffrey Eilender Esq. – Via Fax (212) 344-7677
Bryan Freedman Esq. – Via Fax (310) 201-0045

SO ORDERED:    DATE: 8/27/08

DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

---

filed by August 12, 2008. The limited interrogatories and requests were served so that Defendant's responses would be due before I reponded to the Motion and as it now appears, this limited discovery should help Defendnat focus on whether or not he seriously intends to move forward on any Motion to Dismiss based on alleged lack of personal jurisdiction or alleged improper service.

[2] It is these entities that I identified in my prior letter and the documents from each of those entities will confirm the extent of business that Defendant Lavandeira actually conducts in NY, and will show that representations by Defendant Lavandeira and his counsel suggestions that Defendant Lavandeira is not subject to this Court's jurisdiction are frivolous.