**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **ELIZABETH SILVER,** | |
| *Plaintiff,* | |
| *-against-* | **Case No.: 08 CV 6522** |
| **MARIO HERMANDO LAVANDEIRA, JR., a/k/a MARIO LAVANDEIRA a/k/a PEREZ HILTON,** | **(JSR)(DF)** |
| *Defendant.* | |

---

# REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

---

## SCHLAM STONE & DOLAN LLP

Jeffrey M. Eilender
David J. Katz
Hillary S. Zilz
26 Broadway - Suite 1900
New York, New York 10004
Telephone No.: (212) 344-5400
Facsimile No.:  (212) 344-5400

*Attorneys for Defendant MARIO LAVANDEIRA, JR.*
*a/k/a Perez Hilton*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ............................................................................iii-v

PRELIMINARY STATEMENT .......................................................................1

ARGUMENT...................................................................................................4

I.   THIS ACTION SHOULD BE STAYED OR DISMISSED PURSUANT TO THE
     FIRST-FILED RULE...............................................................................4

    A.   The Two Cases Involve Identical Foundational Issues............................4

    B.   This Action Should Be Stayed Until the California Court Can Decide
        Whether Silver Is Subject to Personal Jurisdiction In California ............5

    C.   There Is No Applicable Exception to the First-Filed Rule ......................7

        1.   Any "Special Circumstances" Favor The First Forum ................7

        2.   The Balance of Convenience Does Not Favor New York.........................8

II.  SILVER HAS NOT ESTABLISHED SERVICE OF PROCESS OR PERSONAL
     JURISDICTION .....................................................................................11

    A.   Silver Has Still Not Established Service Of Process .............................12

    B.   Silver Has Failed To Meet Her Burden Of Making A *Prima Facie*
        Showing Of Minimum Contacts To Establish General Jurisdiction That Is
        Necessary Before Discovery May Be Ordered......................................12

        1.   There Is No Evidence That Mr. Lavandeira Does Business
            In New York ..........................................................................15

            a.   Mr. Lavandeira Indisputably Does Not Sell Merchandise In
                New York.......................................................................15

            b.   Mr. Lavandeira's Limited And Occasional Promotional Visits
                Do Not Amount To Doing Business In New York........................18

            c.   Mr. Lavandeira's "Perezcast" Does Not Amount To Doing
                Business In New York .....................................................19

            d.   Mr. Lavandeira Does Not Contract To Perform Services
                In New York ..................................................................20

        2.   Mr. Lavandeira Does Not Have Any "Agents" Or "Partners" In
            New York..............................................................................21

3. The Location Of The Server Does Not Confer Jurisdiction ......................22

4. Mr. Lavandeira's Prior Bankruptcy Petition Does Not Confer Jurisdiction........................................................................................23

5. Silver Abandons Her Argument Regarding Mr. Lavandeira's Supposed Apartment.................................................................................24

C. This Court Does Not Have Specific Jurisdiction Over Mr. Lavandeira................24

1. Section C.P.L.R. § 302(a)(1) ...........................................................24

2. Section C.P.L.R. § 301(a)(3) .........................................................26

D. Silver Fails To Satisfy Due Process Considerations...............................................27

III. SILVER HAS DEFAULTED ON THE RULE 12(b)(6) MOTION.................................27

CONCLUSION..............................................................................................................28

## TABLE OF AUTHORITIES

*Andre Strishak & Associates, P.C. v. Hewlett Packard Co.*,
    300 A.D.2d 608 (2nd Dept. 2002)....................................................................27-28

*Ball v. Metallurgie Hoboken-Overpelt, South America*,
    902 F.2d 194 (2nd Cir. 1990).............................................................................27

*Bensusan Resaurant. Corp. v. King*,
    937 F. Supp. 295 (S.D.N.Y. 1996)......................................................................18

*Berisford Capital Corp. v. Central States, Southeast and Southwest Areas Pension Fund*,
    677 F. Supp. 220 (S.D.N.Y. 1988)..............................................................6, 9, 11

*Best Van Lines, Inc. v. Walker*,
    490 F.3d 239 (2nd Cir. 2007)...............................................................................25

*CBS, Inc. v. Snyder*,
    798 F. Supp. 1019 (S.D.N.Y. 1992).....................................................................20

*Capital Resource Funding, Inc. v. Tri-County Bank of Royston*,
    No. 96 Civ. 746 (RSP/DNH), 1997 WL 538898 (N.D.N.Y. Aug. 27, 1997)....................23

*Citigroup Inc. v. City Holding Co.*,
    97 F. Supp. 2d 549 (S.D.N.Y. 2000)...........................................................5, 6, 7, 8

*Computer Associates. International, Inc. v. Altai, Inc.*,
    893 F.2d 26 (2nd Cir. 1990)..................................................................................5

*Drucker Cornell v. Assicurazioni Generali S.p.A. Consol.*,
    No. 97 Civ. 2262 (MBM), 98 Civ. 9186 (MBM), 2000 WL 284222
    (S.D.N.Y. Mar. 16, 2000)...............................................................................14, 21

*First City National Bank and Trust Co. v. Simmons*,
    878 F.2d 76 (2nd Cir. 1989)..........................................................................10, 11

*Friars National Association v. 9900 Santa Monica, Inc.*,
    No. 04 Civ. 4520 (PKC), 2005 WL 1026553 (S.D.N.Y. May 2, 2005)......................18, 23

*GMT Corp. v. Quicksilver*,
    No. 02 Civ. 2229 (GBD), 2002 WL 1788016 (S.D.N.Y. Aug. 1, 2002).........................7, 9

*Girl Scouts of the U.S.A. v. Steir*,
    102 Fed. Appx. 217 (2nd Cir. 2004).....................................................................27

*Gross v. Bare Escentuals, Inc.*,
    No. 03 Civ. 3089 (RLC), 2005 WL 823889 (S.D.N.Y. Apr. 8, 2005)............16, 18-19, 23

*Gulf Insurance Co. v. Caldor Group,*
 No. 03 Civ. 2894 (LLS), 2006 WL 1586571 (S.D.N.Y. Jun. 9, 2006),
 *aff'd*, 273 Fed. Appx. 90 (2nd Cir. 2008)..........................................................................23

*Hanson PLC v. Metro-Goldwyn-Mayer Inc.,*
 932 F. Supp. 104 (S.D.N.Y. 1996)................................................................................9

*Indem. Insurance Company of North America v. K-Line America, Inc.,*
 Nos. 06 Civ. 0615 (BSJ), 06 Civ. 2557, 06 Civ. 2956, 06 Civ. 2962,
 06 Civ. 3038, 06 Civ. 3040, 06 Civ. 3042,
 2007 WL 1732435 (S.D.N.Y. Jun. 14, 2007) ...............................13, 15, 16, 17, 24, 26, 27

*Jazini v. Nissan Motor Co., Ltd.,*
 148 F.3d 181 (2nd Cir. 1998)....................................................................4, 13, 14, 16

*Langenberg v. Sofair,*
 No. 03 Civ. 8339 (KMK), 2006 WL 2628348 (S.D.N.Y. Sept. 11, 2006).......................13

*MSK Insurance Ltd. v. Employers' Reinsurance Corp.,*
 212 F. Supp. 2d 266 (S.D.N.Y. 2002).............................................................................6

*Mareno v. Rowe,*
 910 F.2d 1043 (2nd Cir. 1990).....................................................................................27

*Meeropol v. Nizer,*
 505 F.2d 232 (2nd Cir. 1974)...................................................................................5, 10

*Nadel v. Play-by-Play Toys & Novelties, Inc.,*
 208 F.3d 368 (2nd Cir. 2000).......................................................................................27

*National Union Fire Insurance Company of Pittsburgh, Pennsylvania v. Liberty Mutual Fire Insurance Company,*
 No. 05 Civ. 5262 (DLC), 2005 WL 2209110 (S.D.N.Y. Sept. 7, 2005) ......................5, 6

*Overseas Media, Inc. v. Skvortsov,*
 407 F. Supp. 2d 563 (S.D.N.Y. 2006), *aff'd*, 277 Fed. Appx. 92 (2d Cir. 2008) ..13, 20, 26

*Pan Atlantic. Group, Inc. v. Quantum Chemical Co.,*
 No. 90 Civ. 5155 (JSM), 1990 WL 180160 (S.D.N.Y. Nov. 8, 1990) .............................13

*Regions Bank v. Wieder & Mastroianni, P.C.,*
 170 F. Supp. 2d 436 (S.D.N.Y. 2001)...........................................................................4, 5

*Rescuecom Corp. v. Hyams,*
 477 F. Supp. 2d 522 (N.D.N.Y. 2006).............................................................................17

*Rosenberg v. PK Graphics,*
 No. 03 Civ. 6655 (NRB), 2004 WL 1057621 (S.D.N.Y. May 10, 2004).............14, 15, 17

*Schenker v. Assicurazioni Generali S.P.A. Consol.,*
  No. 98 Civ. 9186 (MBM), 2002 WL 1560788 (S.D.N.Y. Jul. 15, 2002) .........................19

*Spotless Enterprise, Inc. v. Accessory Corp.,*
  415 F. Supp. 2d 203 (E.D.N.Y. 2006) ...........................................................................11

*Wargo v. Lavandeira,*
  N.D. Ohio Memorandum Opinion, October 3, 2008 ...................................................17, 18

*Weil v. American University,*
  No. 07 Civ. 7748 (DAB), 2008 WL 126604 (S.D.N.Y. Jan. 2, 2008)...................18, 19, 20

*Yellow Page Solutions, Inc. v. Bell Atlantic Yellow Pages Co.,*
  No. 00 Civ. 5663, 2001 WL 1468168 (S.D.N.Y. Nov. 19, 1991) ...................14, 16, 26-27

## <u>RULES, STATUTES AND OTHER AUTHORITIES</u>

C.P.L.R. § 301...........................................................................................3, 14, 17, 26, 27

C.P.L.R. § 302(a) .......................................................................................17, 24, 25, 27

Fed. R. Civ. P. 12(b)(6)...................................................................................1, 7, 24

GBL § 349....................................................................................................................25

Michael C. Silberberg,
  *Civil Practice in the Southern District of New York* § 9.38 (2d ed. 2007) .........................6

Defendant Mario Lavandeira ("Lavandeira") respectfully submits this reply memorandum of law, together with the Reply Declarations of Jeffrey M. Eilender ("Eilender Reply Decl.") and Mario Lavandeira ("Lavandeira Reply Decl.") in: (a) further support of his motion to dismiss the Complaint of Plaintiff Elizabeth Silver ("Silver") under the first-filed rule, for lack of service, lack of personal jurisdiction and for failure to state a claim; and (b) opposition to Silver's motion for discovery on jurisdiction and the first-filed rule.[1]

## PRELIMINARY STATEMENT

Mr. Lavandeira demonstrated in his moving papers that this action should be dismissed or stayed for three distinct reasons. First, Silver filed this action in retaliation for Mr. Lavandeira's filing an action in the United States District Court for the Central District of California (the "Prior Federal California Action") concerning Silver's infringement of Mr. Lavandeira's marks. Silver's right to use those marks is the foundation issue in both actions. Thus, this case should be dismissed in deference to that first-filed action. Second, the allegations pled in the Complaint are either factually incorrect or legally insufficient to confer personal jurisdiction over Mr. Lavandeira in New York. Indeed, this action has no apparent connection to New York since neither party resides nor operates his or her business in this state. Finally, Silver's Complaint must be dismissed for failure to state a claim upon which relief can be granted because she does not state any cognizable causes of action.

Silver concedes that the Rule 12(b)(6) motion should be granted by failing to address it. She also essentially concedes that there is no specific jurisdiction because she cannot point to

---

[1] Rather than simply explain her opposition to Defendant's motion to dismiss the jurisdictional discovery that plaintiff thinks she needs, as this Court instructed Silver to do at the September 18, 2008 conference, Silver has also demanded discovery by way of a separate motion and has filed two memoranda of law and three declarations on this issue. *See* Reply Eilender Decl., Ex. A (Tr. of 9/18/08 hearing) at 34:20-36:17 & 38:8-16. Defendant is responding to Silver's multiple filings in this reply. Defendant would be entitled to a 10 page reply on his motion to dismiss and a 25 page opposition to Silver's discovery motion, but is instead making a single 28 page submission.

any of Mr. Lavandeira's alleged jurisdictional contacts that has given rise to her purported causes of action, or even to any harm that she has suffered in New York. Recognizing that her Complaint also fails to assert any facts supporting general jurisdiction and that she has no such evidence, Silver's opposition and separate motion consist almost entirely of a request for discovery to establish that Mr. Lavandeira has minimum contacts with New York. Silver attempts to support this request with several declarations containing sheer speculation or demonstrably false allegations regarding Mr. Lavandeira's purported connections with New York and scores of irrelevant exhibits. Indeed, Silver misreads many of her own documents which actually refute the allegations she is making.

Accordingly, the various motion papers before the Court now boil down whether Silver is entitled to propound jurisdictional discovery. Given that Silver cannot even make a *prima facie* showing of personal jurisdiction, the answer is no. Jurisdictional discovery is unnecessary, in the first instance, because of the first-filed rule issue. Silver's principle opposition to dismissal under the first-filed rule is her conclusory argument that California is an inconvenient forum for her because she is not subject to personal jurisdiction there.[2] Yet, under Second Circuit law, it is the court in which the case is first-filed which determines whether there should be any deviation from the first-filed rule, not the second court.

Such a determination by the California Court is not merely a theoretical possibility in this case. Silver has already told the California Court that she intends to move to dismiss the Prior Federal California Action for lack of personal jurisdiction. The California court has extended

---

[2] *See* September 26, 2008 Declaration of Elizabeth Silver in Opposition to Defendant's Motion to Dismiss ("Silver Sept. 26 Decl.") ¶41 & October 1, 2008 Supplemental Declaration of Elizabeth Silver in Further Opposition to Defendant's Motion to Dismiss and Request for Additional Limited Discovery ("Silver October 1 Decl.").

Silver's deadline to move or otherwise respond to the California complaint to October 27, 2008.[3] *See* Reply Eilender Decl., Ex. B.  Thus, Silver is required to file a responsive pleading only two days after the instant reply brief is filed.  By raising the California jurisdiction issue in this case, however, Silver is trying to have two different Courts decide whether she is subject to personal jurisdiction in California.  Such duplication is absurd.  Simply put, if California can exercise jurisdiction over Silver, there is no question that this case must be dismissed in favor of the Prior Federal California Action.  Accordingly, it neither makes sense for this Court to entertain what is essentially Silver's motion to dismiss the Prior Federal California Action for lack of personal jurisdiction nor for it to force Mr. Lavandeira to undergo the personal intrusion and significant expense of jurisdictional discovery if this case will be dismissed in favor of the Prior Federal California Action.  At a minimum, this case, including Silver's "cross-motion" for jurisdictional discovery, should be stayed pending the resolution of Silver's anticipated motion in the California court.

Silver also does not satisfy the test in this Circuit for obtaining jurisdictional discovery. Likewise, it is clear that personal jurisdiction is lacking here.  Virtually none of Mr. Lavandeira's alleged jurisdictional contacts, even if accepted as true, could serve as a basis, by themselves or in totality, for applying C.P.L.R. § 301.  Silver harps on stray alleged contacts, which even if true, do not amount to the continuous and systematic presence in New York required to be "doing business" in this state.  Quite simply, the fact that a national celebrity occasionally comes to New York City, appears on national television and radio programs that can be seen in New York, or that third party vendors (in which he has no ownership interest) nationally sell merchandise bearing his name or image do not suffice for general jurisdiction.  The few

---

[3]  Silver was served on July 24, 2008, and requested an extension through the end of October.  The California Court extended her deadline to file a responsive pleading to October 27, 2008.

remaining allegations, which are not legally relevant, such as that Mr. Lavandeira sells goods or has agents in this state, are demonstrably false based on objective documentary evidence. The Second Circuit has repeatedly held that jurisdictional discovery is not permitted absent a *prima facie* showing based on real facts, not wishful thinking. *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 185 (2nd Cir. 1998). Silver fails to satisfy this test.

Accordingly, if this case is not dismissed or stayed because of the Prior Federal California Action, it should be dismissed for lack of personal jurisdiction or for failure to state a claim.

## ARGUMENT

**I.    THIS ACTION SHOULD BE STAYED OR DISMISSED PURSUANT TO THE FIRST-FILED RULE**

### A.    The Two Cases Involve Identical Foundational Issues

Silver's first argument that the first-filed rule does not apply here because the two actions involve different parties and claims defies credulity. Pltf. Sep. 26 Opp. at 5.  This action was filed on the heels of and in response to the Prior Federal California Action.  If Silver has even adequately alleged causes of action, they are compulsory counterclaims in the Prior Federal California Action and Silver's filing of this action in New York is unnecessary duplication of litigation for both Mr. Lavandeira and our judicial system.

All of the parties in the New York action are parties to the Prior Federal California Action.  That the Prior Federal California Action also names Infuse LLC ("Infuse"), the entity that owns www.perezrevenge.com (the business at issue here), and Margaret E. Rogers (Silver's business partner) is irrelevant as clearly they are parties whose interests overlap Silver's. *See* Silver Sept. 26 Decl. App. 198, 202 & 209. *See also Regions Bank v. Wieder & Mastroianni, P.C.*, 170 F. Supp. 2d 436, 441 (S.D.N.Y. 2001) (staying second action pursuant to first-filed

rule and noting "that the first-filed rule may apply even if the two actions at issue involve different parties"); *Meeropol v. Nizer*, 505 F.2d 232, 235 (2nd Cir. 1974) (first-filed "rule is applicable *even where the parties in the two actions are not identical*") (emphasis added). Likewise, Silver's recent contention that she intends to move to amend her Complaint to add additional defendants is also irrelevant, especially since she has not yet made any such motion. *See Regions Bank*, 170 F. Supp. 2d at 441 (second action stayed even though it involved an entity that could not be made a party to first-filed action).

There is also no doubt that the two actions involve substantially the same claims and dispute. Both the Prior Federal California Action and the instant action concern Silver's right to operate her website as she sees fit – *i.e.* by using the Hilton marks. In California, Mr. Lavandeira seeks an injunction to prevent Silver's website from using his marks. In this lawsuit, Silver is seeking judicial relief to permit her to use those marks without interference from him. Thus, again, Silver's lawsuit is in fact the compulsory counterclaims that she will be required to assert in the Prior Federal California Action. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Liberty Mut. Fire Ins. Co.*, No. 05 Civ. 5262 (DLC), 2005 WL 2209110, at *1 (S.D.N.Y. Sept. 7, 2005) (proper to enjoin second action where the "claims presented in the second action should have been interposed as compulsory counterclaims to the claims" brought in the first action) (*citing Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 893 F.2d 26, 28-29 (2nd Cir. 1990)); *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 563 (S.D.N.Y. 2000) ("interests of justice do not favor" second forum where party filed second suit "instead of filing a counterclaim").

**B.** **This Action Should Be Stayed Until the California Court Can Decide Whether Silver Is Subject to Personal Jurisdiction In California**

Once it is established that the first-filed action concerns the same parties and issues as the second case, the plaintiff in the second case may overcome the first-filed rule only by meeting

her burden of demonstrating that the balance of convenience heavily favors the second forum or that special circumstances exist. *See infra* at 8. It is the California Court that must make that determination.

"This District has laid down a *bright-line rule* for situations like this: The court before which the first-filed action was brought determines which forum will hear the case." *MSK Ins., Ltd. v. Employers Reins. Corp.*, 212 F. Supp. 2d 266, 267 (S.D.N.Y. 2002) (staying New York action "pending resolution by the Kansas court of the issue of whether this action or the Kansas action should proceed") (emphasis added). That "bright line rule" applies to determining whether an exception to the first-filed rule exists. *See* Michael C. Silberberg, *Civil Practice in the Southern District of New York* § 9.38 (2d ed. 2007) ("[t]he court in which the first-filed case was brought decides the question of whether or not the first-filed rule, or, alternatively, an exception to the first-filed rule applies"). *See Citigroup Inc.*, 97 F. Supp. 2d at 557 n.4 ("it is the court in which the first-filed action was brought that should decide whether an exception to the first-filed rule applies . . . Thus, courts in which the second-filed actions were brought have generally refrained from ruling pending a determination by the court of the first-filing"); *Nat'l Union Fire Ins.*, 2005 WL 2209110 at *1 (following that "bright line rule," to stay New York action pending resolution of forum issue by court in which first-filed action was filed); *Berisford Capital Corp. v. Central States, Southeast and Southwest Areas Pension Fund*, 677 F. Supp. 220 (S.D.N.Y. 1988).

Based on the "bright-line" rule, a stay is equally appropriate in this case. As stated below, the only real argument Silver makes against the first-filed rule is her vague claim that the California Court does not have jurisdiction over her. That Court has required her to respond to Mr. Lavandeira's complaint by October 27, 2008. Silver has told the California Court that rather

than answering the California complaint, she intends to move to dismiss pursuant to Rule 12(b)(2). It makes no sense for both courts to consider that issue. (And if Silver answers instead, she will have agreed to litigate the merits in the California forum, thus mooting her opposition to the motion to dismiss this case based on the first-filed rule).

Accordingly, any contentions regarding the purported inconvenience of the California forum should be decided by the California Court. At a minimum, Silver's motion for jurisdictional discovery should be stayed pending the resolution of Silver's anticipated jurisdictional motion in California.

## C. There Is No Applicable Exception to the First-Filed Rule

Ignoring that the California Court should determine whether an exception to the first-filed rule exists, Silver has failed to sustain her burden of presenting evidence that special circumstances exist or that California is a significantly inconvenient forum.

The "presumption" in this Circuit is that "the court which first has possession of the action decides it." *Citigroup Inc.*, 97 F. Supp. 2d at 555 (citation omitted). That presumption may be overcome if there are "special circumstances" or if the "balance of convenience" tips heavily in favor of the second filed action. The "party that seeks to deviate from the rule has the burden of demonstrating that circumstances justifying an exception exist." *Id.* at 555-56 & 561. *See also GMT Corp. v. Quicksilver*, No. 02 Civ. 2229 (GBD), 2002 WL 1788016, at *3 (S.D.N.Y. Aug. 1, 2002) ("party asserting exceptions to the first-filed rule bears the burden" and "must overcome the 'strong presumption in favor of the forum of the first-filed suit'") (citation omitted). Silver has not met that burden here.

## 1. Any "Special Circumstances" Favor The First Forum

"'Special circumstances' justifying an exception have been held to be present when the first suit constitutes an 'improper anticipatory filing' or was motivated solely by forum

shopping." *Citigroup Inc.*, 97 F. Supp. 2d at 556.  Those "special circumstances" do not exist here.  To the contrary, Mr. Lavandeira filed suit in California because that is where he lives and works.  Silver has no immediate connection to New York.  She resides in and operates her business from Short Hills, New Jersey. *See* Silver Sept. 26 Decl. App. 160 & Ex. 2; Def. Mem. At 14-15.  Silver's company and the owner of the infringing website, Infuse, is not even authorized to do business in New York. *See* Def. Mem. at 15 & Declaration of Jeffrey M. Eilender, dated September 4, 2008, Ex. 6.  Thus, to the extent there was forum shopping, it was by Silver and no "special circumstances" exist here that would justify deviating from the first-filed rule.

### 2.      The Balance of Convenience Does Not Favor New York

The second exception to the first-filed rule – the balance of convenience – also does not exist here.  The factors that guide whether the balance of convenience weighs in favor of the second forum include:  "(1) the convenience of witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of the operative facts; (5) the availability of process to compel attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances." *Citigroup Inc.*, 97 F. Supp. 2d at 560.

Silver "bears the burden of clearly establishing that these factors favor transfer" from the first court to the second. *Id.* at 561 (no exception to first-filed rule where there was no dominant center of gravity for the action).  In that regard, Mr. Lavandeira's choice of forum "should not be disturbed unless the balance of convenience and justice weigh heavily in favor of [the second]

forum, especially where as here [Lavandeira's] chosen forum is [his] principal place of business." *Id.*

Here, the balance does not favor New York over California. Indeed, given that neither party resides in nor operates his or her business from New York, this state does not have any "extensive connection" to this dispute. *Berisford Capital*, 677 F. Supp. at 223. Further, there is "no reason to believe that the convenience of witnesses or the efficient production of evidence would be better accomplished if this dispute were litigated in New York where the second action was filed." *Id.*

Silver has not identified any witnesses or documents that exist in New York that are arguably relevant to her claims. By contrast, Mr. Lavandeira's documents and key personnel are all in California – the state in which he lives and works. *See* Declaration of Mario Lavandeira, dated August 12, 2008 ("Lavandeira Decl."), ¶¶ 4, 8-10; Reply Lavandeira Decl. ¶ 5. *GMT Corp.*, 2002 WL 1788016, at *3; *Hanson PLC v. Metro-Goldwyn-Mayer Inc.*, 932 F. Supp. 104, 108 (S.D.N.Y. 1996) (evidence regarding right to use intellectual property likely to be California-based, where MGM is located). Similarly, the principal offices of the third parties identified by Silver (*i.e.*, Blogads and Pressflex) are not in New York. They are in Hungary and/or North Carolina. *See* Silver Sept. 20 Decl. App. 80; Reply Eilender Decl. Ex. C.

Silver's further argument that she is not subject to jurisdiction in California is to no avail. Silver conveniently ignores that her company, Infuse, has defaulted and thus waived personal jurisdiction in the Prior Federal California Action. *See* Reply Eilender Decl. Ex. B. Thus, for all intents and purposes the party operating and profiting from www.perezrevenge.com is before the California court and will soon be subject to a permanent injunction (issued based on the default) precluding it (and by extension, Silver, as Infuse's owner and operator) from using Lavandeira's

marks on that site. Also Silver herself studiously avoids saying straight out in her declarations that California does not have jurisdiction over her. She merely suggests in vague language that the California jurisdictional allegations are false. Silver has not submitted any declarations or evidence showing why she is not subject to personal jurisdiction in California. A motion to dismiss based on the first-filed rule should not be denied because of Silver's conclusory suggestion that the first forum does not have jurisdiction over the dispute.

Silver's contentions that the Prior Federal California Action is frivolous[4] and that it would deprive her of a jury trial, are to no avail. *See First City Nat'l Bank and Trust Co. v. Simmons*, 878 F.2d 76, 79-80 (2nd Cir. 1989) (speculation regarding what may happen in action that was first filed does not "outweigh other legitimate concerns underlying the first to file rule"); *Meeropol*, 505 F.2d at 237-38 (rejecting claim that was improper to stay New York action in deference to first-filed action because right to a jury trial was prejudiced).

Finally, Silver's misleading contention that the New York action is proceeding faster than the California action is of no consequence. Silver was served with the summons and complaint in the Prior Federal California Action on July 24, 2008, and requested an extension. Although she was initially required to respond by August 13, 2008, the Court ultimately extended her time to respond to October 27, 2008. *See* Reply Eilender Decl. Ex. B. She should not be rewarded for delaying the action in California. Moreover, nothing substantive has happened in New York. In both cases a complaint has been filed, and there has been no answer or any discovery. If anything, California has advanced ahead of New York, because Infuse has defaulted in the Prior

---

[4] To correct another misstatement of fact by Silver (see Index to Silver Sept. 26 Decl. at 1 (for items 173-194), the United States Trademark and Patent Office ("USPTO") approved Mr. Lavandeira's application to register "perez hilton" in connection with a variety of services including an online weblog **on May 28, 2008**. *See* Reply Eilender Decl. Ex. D. Also contrary to Silver, the USPTO has not "confirm[ed] issuance of [her]mark." Index to Silver Sept. 26 Decl. at 1 (for items 160-72). There are many more steps that Silver must go through before Infuse's application to register perezrevenge.com is registered.

Federal California Action.  Mr. Lavandeira intends to seek a permanent injunction against Infuse that will resolve the foundational issue of both cases.

Because Silver has failed to present any evidence that the balance of convenience does not tip heavily in favor of New York and because the "special circumstances" strongly favor that the first forum chosen be respected, this Circuit's "first-filed" rule applies and this action should be dismissed or stayed pending resolution of that Prior Federal California Action.  Simply put, "[w]here, in a situation such as this one, the circumstances do not clearly call for departure from the first-filed rule, that rule should be applied without apology." *Berisford Capital*, 677 F. Supp. at 225.

## II.    SILVER HAS NOT ESTABLISHED SERVICE OF PROCESS OR PERSONAL JURISDICTION

Because the Court is required to dismiss this action in favor of the Prior Federal California Action, the Court need not even reach the personal jurisdiction issue. *See, e.g., First City Nat'l Bank*, 878 F.2d at 79 (court "need not decide the jurisdictional issue" because action dismissed pursuant to first-filed rule); *Spotless Enter. Inc. v. Accessory Corp.*, 415 F. Supp. 2d 203 (E.D.N.Y. 2006) (jurisdictional issue not decided by second forum because dispute should be litigated in forum where first-filed).

If the Court does address the personal jurisdiction motion, Silver has failed to meet her burden for establishing jurisdiction or the need for jurisdictional discovery.  Silver has essentially conceded that she cannot identify any contact that Mr. Lavandeira has with New York that gave rise to her suit.  Thus, there is no specific jurisdiction.  Likewise, there is no general jurisdiction over Mr. Lavandeira.  Silver's vague allegations as to why she thinks Mr. Lavandeira is doing business in New York are refuted by her own exhibits as well as other objective evidence. Moreover, even if her allegations were accepted as true, they are insufficient, either by

themselves or in totality to support jurisdiction, inasmuch as they amount to nothing more than random occurrences which do not rise to the level of the systematic and continuous presence required for general jurisdiction.

**A.** **Silver Has Still Not Established Service Of Process**

Judge Rakoff and this Court have now twice instructed Silver to attempt nail and mail at Mr. Lavandeira's actual address and file proof of that service as the rules provide. *See* Reply Eilender Decl. Ex. A at 29:23-31:22. Rather than do that, Silver continues to argue about the propriety of her having delivered the Summons and Complaint to places other than where Mr. Lavandeira lives or works. Mr. Lavanderia's opening papers addressed why those other locations are not proper for service and will not burden the Court by repeating them here. Silver has failed to explain why she has been unable to effectuate service.

**B.** **Silver Has Failed To Meet Her Burden Of Making A *Prima Facie* Showing Of Minimum Contacts To Establish General Jurisdiction That Is Necessary Before Discovery May Be Ordered**

In his opening brief, Mr. Lavandeira demonstrated that he resides and operates his business solely from California. Silver's opposition fails to refute Mr. Lavandeira's Declarations or present any evidence that Mr. Lavandeira has continuous and systematic contacts with New York that would subject him to general jurisdiction in this state. Indeed, recognizing that the complaint does make any factual allegations that would support jurisdiction over Mr. Lavandeira, and that she herself has no evidence of any such facts, Silver has instead moved for discovery on the issue of Mr. Lavandeira's minimum contacts with New York.

The basis for Silver's discovery motion is nothing more than sheer speculation and her misreading of the numerous exhibits she attaches to her Declarations. While Silver terms her motion as one for "limited discovery," she in fact is requesting extensive discovery including permission to subpoena over eighteen third parties and discovery of extraordinarily private

information such as Mr. Lavandeira's personal calendar, bank account statements and account numbers. *See* Silver Sept. 20 Decl. ¶¶ 42 & 47 & Exs. 4 & 5. Putting aside the impropriety of these demands, jurisdictional discovery is not merited because either she has not asserted the facts necessary to support such discovery or because the allegations she wishes to take discovery on, even if accepted as true, would not provide a basis for jurisdiction. *See Overseas Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 567 (S.D.N.Y. 2006), *aff'd*, 277 Fed. Appx. 92 (2nd Cir. 2008) ("doing business" standard is "stringent") & Def. Mem. at 10.

"Discovery on the issue of personal jurisdiction may be permitted in the court's discretion if plaintiffs allege facts that would support a colorable claim of jurisdiction." *Indem. Ins. Co. of N. Am. v. K-Line America, Inc.*, Nos. 06 Civ. 0615 (BSJ), 06 Civ. 2557, 06 Civ. 2956, 06 Civ. 2962, 06 Civ. 3038, 06 Civ. 3040, 06 Civ. 3042, 2007 WL 1732435, at *7 & 8 (S.D.N.Y. Jun. 14, 2007) (denying plaintiff's request to engage "in a fishing expedition when little more exists than [her] bare assertions that jurisdiction is proper") (citations omitted). *See also Pan Atl. Group, Inc. v. Quantum Chem. Co.*, No. 90 Civ. 5155 (JSM), 1990 WL 180160 (S.D.N.Y. Nov. 8, 1990) (denying request for discovery because facts alleged were not legally sufficient to confer jurisdiction).

The *prima facie* case must be made as a **pre-condition** to the granting of discovery, no matter how difficult doing so is without the benefit of discovery. *Jazini*, 148 F.3d at 186. *See also Langenberg v. Sofair*, No. 03 Civ. 8339 (KMK), 2006 WL 2628348, at *6 (S.D.N.Y. Sept. 11, 2006) ("where the plaintiff has failed to make out a prima facie case, courts have displayed an unwillingness to grant additional discovery [beyond pleadings and affidavits] on jurisdictional issues"). "Mere conclusory allegations are insufficient to support a *prima facie* showing of personal jurisdiction." *K-Line*, 2007 WL 1732435, at *3. Thus, "legal conclusions done up as

factual allegations are not facts and cannot substitute as facts," necessary to support a request for jurisdictional discovery. *Jazini*, 148 F.3d at 185 (affirming dismissal of complaint for lack of jurisdiction without discovery because plaintiff's allegations that New York subsidiary was agent of foreign corporation was unsupported by fact). *See also Drucker Cornell v. Assicurazioni Generali S.p.A. Consol.*, No. 97 Civ. 2262 (MBM), 98 Civ. 9186 (MBM), 2000 WL 284222, at *2 (S.D.N.Y. Mar. 16, 2000) (denying discovery and dismissing complaint because legal conclusions presented as factual allegations are "insufficient to establish even a prima facie showing of personal jurisdiction under § 301").

Further, Mr. Lavandeira's "affidavits based on personal knowledge are to be credited over contradictory allegations based merely on information on belief, and facts adduced in opposition to jurisdictional allegations are considered more reliable than mere contentions offered in support of jurisdiction." *Yellow Page Solutions, Inc. v. Bell Atl. Yellow Pages Co.*, No. 00 Civ. 5663, 2001 WL 1468168, at *5 (S.D.N.Y. Nov. 19, 1991).

After parsing through Silver's papers, her allegations may be grouped into three categories: (1) allegations for which she provides no support; (2) allegations that are refuted by even a cursory amount of independent factual research; and (3) allegations that, even if true, are insufficient to confer jurisdiction. While Silver may harbor much speculation and hope that discovery will yield a systematic and continuous connection between Mr. Lavandeira and New York, "plaintiff has not provided sufficient facts to establish the jurisdiction that is a prerequisite to any such discovery" and discovery should, accordingly, be denied. *Rosenberg v. PK Graphics*, No. 03 Civ. 6655 (NRB), 2004 WL 1057621, at *2 (S.D.N.Y. May 10, 2004) (denying discovery based on information provided in defendants' affidavit). *See also Jazini*, 148 F. 3d at 185-86 (where plaintiff asserted "a legal conclusion couched as a factual allegation," plaintiff

"did not establish a prima facie case that the district court had jurisdiction over [defendant, and] the district court did not err in denying discovery on that issue").

        1.      **There Is No Evidence That Mr. Lavandeira Does Business In New York**

            a.      **Mr. Lavandeira Indisputably Does Not Sell Merchandise In New York**

Silver makes three conclusory allegations regarding Mr. Lavandeira selling merchandise in New York.  She alleges that Mr. Lavandeira sells his "products, merchandise and accessories in NY Stores," "has an Interactive Website through which sales are conducted in NY" and "has contracts with NY companies that sell his products, merchandise and accessories in NY."  (Silver Sept. 26 Decl. ¶¶ 21(g) - (i)).  Nowhere in her multitude of declarations or exhibits does Silver substantiate these bald contentions.  They simply are not true.  *See PK Graphics*, 2004 WL 1057621, at *1 (denying discovery and dismissing complaint for lack of jurisdiction because "[w]hatever speculations or hopes plaintiff may have that further connections to New York will come to light in discovery, plaintiff has not provided sufficient facts to establish the jurisdiction that is a prerequisite to any such discovery").

At best, all that Silver shows is that merchandise bearing Mr. Lavandeira's image or name is sold by HotTopic and MerchDirect.  *See* Silver Sept. 20 Decl. App. 102 & 107; Reply Eilender Decl. Ex. E.  Based on even a cursory review of their respective websites, HotTopic and MerchDirect are wholly independent of www.PerezHilton.com.  *K-Line,* 2007 WL 1732435, makes clear that general jurisdiction may not be asserted based on those facts.  In *K-Line, Inc.,* the defendant's products were sold in at least 22 retail stores in New York; defendant used sales representatives located in New York; and it advertised in 15-20 magazines and 5-6 weekly television shows that were seen in New York.  Based on these facts, the court held that there was no jurisdiction *because* (1) defendant did not sell its products directly to New York consumers (it

sold its product to retailers who had branches in New York) and (2) the sales representatives' actions in New York could not be attributable to defendant because the representatives were not the defendant's agent. *K-Line*, 2007 WL 1732435, at *5. The court further found the fact that defendant's employees sometimes visited the retailers in New York who sold its product to be legally insufficient to confer personal jurisdiction because the trips were short and sporadic. *Id.*, at *6.

Here, the evidence is even weaker. Mr. Lavandeira does not manufacture, ship or sell goods in New York. *See* Reply Lavandeira Decl. ¶ 13. MerchDirect and HotTopic are third party vendors. *Id.* ¶¶ 14-17. *See* Silver Sept. 26 Decl. App. 319-338. *See also Yellow Page Solutions*, 2001 WL 1468168, at *5 (the "mere existence of a business relationship with entities within the forum state is insufficient to establish presence"). While they may be permitted to sell certain product bearing Mr. Lavandeira's name or likeness, they are not Mr. Lavandeira's agents and their conduct cannot be attributed to him for purposes of jurisdiction. Silver Sept. 26 Decl. App. 319-38; Reply Lavandeira Decl. ¶ 17. *See Yellow Page Solutions, Inc.* 2001 WL 1468168, at *4 ("[A] foreign supplier of goods or services for whom an independent agency solicits orders from New York purchasers is not present in New York and may not be sued here, however substantial in amount the resulting orders") (citation omitted). *See also Jazini*, 148 F.3d at 184 ("a foreign car manufacturer is not 'present' in New York simply because it sells cars through a New York distributor"); *Gross v. Bare Escentuals, Inc.*, No. 03 Civ. 3089 (RLC), 2005 WL 823889, at *4 (S.D.N.Y. Apr. 8, 2005) (sale of goods by third party without any input from defendant is not doing business in New York).

Silver's other allegation that Mr. Lavandeira has "an interactive website through which sales are conducted in NY" is equally false and insufficient to confer jurisdiction. (Silver Sept.

26 Dec. ¶ 21(h)).  *See K-Line*, 2007 WL 1732435, at *6 (website that "provides consumers with product information and the location of retailers who carry [its] product" does not confer jurisdiction because [defendant] "does not sell goods directly via its website").  As discussed above, Mr. Lavandeira does not sell any goods in New York.  Rather, there is a hyperlink on his site to an independent site, www.merchdirect.com, which sells a multitude of merchandise including a few bearing his name or likeness.  *See* Silver Sept. 26 Decl. App. 104 & 107.  *See also* Reply Lavandeira Decl. ¶ 14.

Just this month, the Court in *Wargo v. Lavandeira*, N.D. Ohio Memorandum Opinion, October 3, 2008 (Reply Eilender Decl. Ex. F), applying Ohio's long-arm statute, which is the same as New York's, dismissed a complaint against Mr. Lavandeira for lack of personal jurisdiction, in the face of the same allegations of jurisdictional contacts that Silver makes here. Among other things, the Ohio court held that the goods alleged to be sold by Mr. Lavandeira actually "are marketed through a *third party, MerchDirect*, which has a link on [Lavandeira's] website.  [Lavandeira and perezhilton.com] neither own nor operate MerchDirect or its website."  Reply Eilender Decl. Ex. F at 6 (emphasis added).

The law in this Circuit requires the same result as in *Wargo – i.e.*, dismissal for lack of personal jurisdiction.  *See Rescuecom Corp. v. Hyams*, 477 F. Supp. 2d 522, 530 (N.D.N.Y. 2006) ("fact that defendant's website contained links to a few other websites that sold merchandise . . . does not aid plaintiff in making a *prima facie* showing that defendant purposefully availed himself of the privilege of transacting business in New York").  *See also PK Graphics*, 2004 WL 1057621, at *2 (dismissing complaint for lack of jurisdiction under C.P.L.R. § 301 where purchasers could not complete purchase on defendant's website and no jurisdiction

under C.P.L.R. § 302(a) because the alleged infringing act had no connection with sale of goods in New York); *Bensusan Rest. Corp. v. King*, 937 F. Supp. 295, 299 (S.D.N.Y. 1996) (same).

More fundamentally, *Wargo* should be dispositive in this case on the lack of general jurisdiction. The only difference between this case and *Wargo* is that here Silver is also attempting to base general jurisdiction on Mr. Lavanderia's having leased (but not occupied) an apartment in New York City and his limited visits to the state in connection with national promotions. As set forth in the opening brief (in cases not disputed by Silver) and below, neither the apartment nor the visits can be the basis for imposing jurisdiction. Thus, Silver has failed to demonstrate that this Court should reach a result any different than that of *Wargo*.

<blockquote>b.   <u>Mr. Lavandeira's Limited And Occasional Promotional Visits<br>Do Not Amount To Doing Business In New York</u></blockquote>

Silver's further contention that Mr. Lavandeira "Has Appearance Contracts for TV and Radio Stations in NY" and "Promotes" himself in New York is also to no avail. Silver Sept 26 Decl. ¶¶ 21(d)-(f). As an initial matter, Mr. Lavandeira does not have any appearance contracts for TV and radio stations in New York. Reply Lavandeira Decl. ¶ 8. As for his promotional appearances in New York, they, like solicitation of business, do "not constitute transaction of business within the state' absent some other New York-directed activities." *Friars Nat'l Assoc. v. 9900 Santa Monica, Inc.*, No. 04 Civ. 4520 (PKC), 2005 WL 1026553, at *4 (S.D.N.Y. May 2, 2005) (limited mailings by California entity to invite New York residents to event is insufficient to establish jurisdiction). *See also Weil v. Am. Univ.*, No. 07 Civ. 7748 (DAB), 2008 WL 126604, at *4 (S.D.N.Y. Jan. 2, 2008) (no jurisdiction in New York even though "[i]t is undisputed that Defendant solicits business within New York by seeking donations from alumni and holding events for prospective students" because "mere solicitation," even with mailing of magazine to New York three times a year, is insufficient to confer jurisdiction); *Bare Escentuals,*

2005 WL 823889, at *4 ("solicitation of business alone will not justify a finding of corporate presence in New York with respect to a foreign ... purveyor of services") (citation omitted).

Further, Mr. Lavandeira's promotional activities are insufficient to confer general jurisdiction.  His handful of visits have been short (usually no longer than a weekend), and occasional (about a handful of times in 2008).  The purpose of these visits is to appear on **national** programs that happen to be broadcast from New York.  *See* Reply Lavandeira Decl. ¶ 6. The shows are not directed at New Yorkers and Mr. Lavandeira did not receive a promotional fee for those appearances.  *See id.*

Mr. Lavandeira's occasional promotional visits are not sufficiently continuous or systematic to confer general jurisdiction and do not even establish a *prima facie* basis for discovery.  *See Weil*, 2008 WL 126604, at *3 (for promotional efforts to amount to doing a business, a company must "promote[s] its interests through agents or other individuals *permanently located* in the state") (emphasis added). (citation omitted); *Schenker v. Assicurazioni Generali S.P.A. Consol.*, No. 98 Civ. 9186 (MBM), 2002 WL 1560788, at *5 (S.D.N.Y. Jul. 15, 2002) (no jurisdiction because "the types of solicitation that plaintiffs allege, even if they occur in New York, are not specifically directed at New York").

### c. Mr. Lavandeira's "Perezcast" Does Not Amount To Doing Business In New York

Silver's contention that Mr. Lavandeira is subject to general jurisdiction because his radio program may be heard on New York stations is also incorrect as a matter of law.   Mr. Lavandeira's show is recorded and produced in California.   Reply Lavandeira Decl. ¶ 9. Through a California company, that radio program, entailing two 30 second segments ("PerezCast"), is now nationally syndicated and is broadcast on over 50 stations across the United States.  A listing of the stations on which PerezCast is played appears on Lavandeira's

website, www.perezhilton.com. *See* Reply Lavandeira Decl. Ex. 1 (attaching list).  New York is

just one of the markets which picks up the PerezCast.  There is no evidence that Lavandeira

"targets" New York audiences and he, in fact, does not.  *Id.*  *See Overseas Media*, 407

F Supp. 2d at 570-71 (no *prima face* showing of jurisdiction made even though New York

market is "significant" to Russian-language broadcaster where most of activity relating to

broadcast occurred in Russia); *CBS, Inc. v. Snyder*, 798 F. Supp. 1019, 1028 (S.D.N.Y. 1992) (no

jurisdiction based on allegation that radio station supplies television broadcast segments in New

York); *Weil*, 2008 WL 126604, at *6 (no jurisdiction even though defendant mailed alumni

magazine into New York because, based on defendants' declaration, "the business of publishing

and distributing the Magazine-including content development, layout, printing and mailing – all

take place outside of New York").

### d.   Mr. Lavandeira Does Not Contract To Perform Services In New York

Silver fails to justify a finding of general jurisdiction based on Mr. Lavandeira's

relationships with Warner Bros. Records, MTV, Star Magazine and E! or any entitlement to take

discovery of those third parties.  *See* Declaration of Elizabeth Silver in Support of Plaintiff's (i)

Motion to Seal Certain Documents, (ii) Motion for Limited Discovery, (iii) Motion for Evidence

Preservation and (iv) Other Miscellaneous Relief, dated September 20, 2008 ("Silver Sept. 20

Decl.") ¶ 42.

Mr. Lavandeira worked for Star Magazine for eight months between March to November

2005. Lavandeira Decl. ¶¶ 6 & 12.  He has not worked for them since.  *Id.*  Mr. Lavandeira has

just recently signed a deal with Warner Bros. Records but that deal was negotiated entirely in

California and never requires him to go to or perform services in New York.  Reply Lavandeira

Decl. ¶ 11.  Similarly, Mr. Lavandeira occasionally appears on E! from California. *Id.* ¶ 12.  The

same is true with respect to MTV, except to the extent that he made a promotional appearance on its New Year's special. *Id.* ¶¶ 6 & 8. These facts do not subject Mr. Lavandeira to general jurisdiction in New York.

        2.    **Mr. Lavandeira Does Not Have Any "Agents" Or "Partners" In New York**

Silver further contends that Lavandeira is subject to this Court's general jurisdiction because he "Retains Professionals, including lawyers, advertising agencies, marketing agents, public relations firms and others in NY." Silver Sept. 26 Decl. ¶ 21(b). Despite these conclusory allegations, she does not identify who these supposed agents or proffer any evidence that these unidentified entities or persons are in fact Mr. Lavandeira's agents and that their actions are sufficient to confer jurisdiction over Mr. Lavandeira in New York. *See Jazini*, 148 F.3d at 184 (simply showing that foreign defendant had subsidiary in New York "does not constitute a prima facie showing of agency"). *See also Drucker Cornell*, 2000 WL 284222, at *2 (no jurisdiction where plaintiffs failed "to allege that there are connections between these companies and New York, and that such connections be attributed to [defendant] for jurisdictional purposes"). Those deficiencies are fatal. *See* Reply Lavandeira Decl. ¶¶ 4-5.

Parsing through her exhibits, it appears that Silver may be contending that PKPR (an ad agency) and 5W Public Relations and SASi (public relations firms), (Index to Sept. 20 Decl. at 6 & Silver Sept. 26 Decl. App. 115-28) are Mr. Lavandeira's agents. In fact they are not his agents. Reply Lavandeira Decl. ¶¶ 5, 13-14. Furthermore, these entities do not list Perez Hilton as a client and Silver has made zero showing that those entities are his "agent" (*i.e.*, that they may act on his behalf in New York) and that they in fact have acted on his behalf in New York. *Compare, e.g.*, Silver Sept. 20 Decl. App. 116 *with* Reply Eilender Decl. Ex. G ("reference" by PKPR to Perez Hilton is under "Sites We Like" and not client list).

For the same reasons, Silver's unsupported (and unpled) contention that BlogAds, Pressflex and Henry Copeland are Mr. Lavandeira's "partners" or "sales representative" is insufficient to make a *prima facie* showing of jurisdiction in New York. *See* Silver Sept. 26 Decl. ¶ 49 & Pltf. Sept. 26 Opp.. at 1. Based on their own websites, Pressflex and BlogAds are "independent" vendors. Silver Sept. 26 Decl. App. 92; Reply Eilender Decl. Ex. C. Moreover, they are located in Hungary and North Carolina. *Id.* & Silver Sept. 26 Decl. App. 80. How Silver could extrapolate from those facts that Pressflex and Blogads are Mr. Lavandeira's agent and their conduct subjected him to New York's jurisdiction defies reason.

### 3.    The Location Of The Server Does Not Confer Jurisdiction

Silver incorrectly contends that the location of a server in New York subjects him to general jurisdiction in this state. She also claims Mr. Lavandeira lied about the fact that the server he leases is located in Hungary. As an initial matter, Silver has not cited any authority for her contention that a foreign defendant "does business" in New York because it leases space on a server located in New York. In any event, her factual allegations regarding the server are incorrect.

According to www.domaintools.com, which Silver attaches as Ex. 15 & App. 156-57 to her Sept. 20 Declaration, the domain servers for www.perezhilton.com are "PH2.PRESSFLEX.HU," PH3.PRESSFLEX.HU," and "PH4.PRESSFLEX.HU." That Mr. Lavandeira identified Hungary as the location of the server that he leases is based on his server contract with Pressflex Kft, a company which is located in Hungary. Reply Lavandeira Dec. ¶ 20. Indeed, Mr. Lavandeira always understood that is where the servers he leases are located. *Id.* As a result of this lawsuit, Lavandeira inquired further and found out that Pressflex, on its own, decided to lease a server from a company in New York. *Id.* Mr. Lavandeira was unaware

of this until this lawsuit (*id.*) and, in any event, his contract is with a Hungarian server provider. *Id.* Moreover, if Mr. Lavandeira has problems with his server, he contacts Pressflex in Hungary and North Carolina and not any New York entity. *Id.* The fact that a vendor as to which Mr. Lavandeira has no control over decided on its own to sub-contract with an entity in New York, does not mean that Mr. Lavandeira purposely availed himself of the New York forum. *See Bare Escentuals*, 2005 WL 823889, at *4 (conduct of third party in state does not confer jurisdiction, especially where that conduct was taken without defendant's direction or guidance). *See also Friars Nat'l Assoc.*, 2005 WL 1026553, at *6 n.2 (internet activity irrelevant where plaintiff does not rely on it as basis for personal jurisdiction).

### 4.    Mr. Lavandeira's Prior Bankruptcy Petition Does Not Confer Jurisdiction

Silver incorrectly argues that Mr. Lavandeira is subject to general jurisdiction in New York because in 2005, when he lived here, he filed a Chapter 7 bankruptcy petition in New York.

The mere fact that someone consented to the jurisdiction of a Bankruptcy Court, does not subject that person to this Court's jurisdiction unless the claim and activities in the bankruptcy proceeding arose "from the same 'nucleus of operative facts'" as the claims in the instant action. *Gulf Ins. Co. v. Caldor Group*, No. 03 Civ. 2894 (LLS), 2006 WL 1586571, at *4 (S.D.N.Y. Jun. 9, 2006), *aff'd*, 273 Fed. Appx. 90 (2nd Cir. 2008) (dismissing action for lack of jurisdiction because the civil case "is concerned with matters which took place outside the bankruptcy proceeding" and "the parties in the second action are not the same as in the first"). *See also Capital Res. Funding, Inc. v. Tri-County Bank of Royston*, No. 96 Civ. 746 (RSP/DNH), 1997 WL 538898, at *3 (N.D.N.Y. Aug. 27, 1997) (rejecting argument that defendant "waived any objections to personal jurisdiction in the Northern District of New York by appearing in a bankruptcy court of this district" and finding that that "theory is without precedent"). *See also*

*K-Line*, 2007 WL 1732435, at *7 (that plaintiff once brought suit in New York "does not establish that it is presently doing business in New York").

### 5.   Silver Abandons Her Argument Regarding Mr. Lavandeira's Supposed Apartment

Mr. Lavandeira's initial papers demonstrated that although he had continued to lease an apartment in New York City, he sub-leased it for no profit and did not occupy it. Furthermore, he does not stay on the premises during his infrequent visits to New York. Silver does not dispute the case law (cited in Mr. Lavandeira's opening brief) that general jurisdiction does not exist based on these facts. Those facts have become even more tenuous now that the lease has expired and the subtenants have vacated the apartment. *See* Reply Lavandeira Decl. ¶ 7.

### C.   This Court Does Not Have Specific Jurisdiction Over Mr. Lavandeira

### 1.   Section C.P.L.R. § 302(a)(1)

With respect to C.P.L.R. § 302(a)(1), Silver has not identified any business activities that Mr. Lavandeira conducted in New York from which any of her causes of action arose. *See* Def. Mem. at 13 (citing cases). Indeed, and despite being faced with a 12(b)(6) motion to dismiss for failure to state a claim, Silver has yet to specify the basis of any her of causes of action and certainly has not made the necessary connection between Mr. Lavandeira's alleged business in New York and her Complaint as required by C.P.L.R. § 302(a)(1).

Specifically, as to her First Cause of Action that her First Amendment Rights have been violated, the only evidence put forth by Silver is the cease and desist letter sent by Mr. Lavandeira's counsel. *See* Silver Sept. 26 Decl. App. 220 (claiming, in response to cease and desist letter, that "I consider your letter to be nothing more than an attempt to interfere with our constitutionally protected right to free speech and your clients attempt to bully us as he attempts to bully other people"). Because neither the sending of cease and desist letters nor the

maintenance of his perezhilton.com website amount to "transacting business," C.P.L.R.

§ 302(a)(1) is inapplicable. *See, e.g., Best Van Lines, Inc. v. Walker*, 490 F.3d 239, 250 (2nd Cir.

2007) (citing cases); *see also* Def. Mem. at 13-14. In any event, because a violation of the "First

Amendment" requires state action and no such action has been alleged here, there is no cause of

action upon which jurisdiction may lie. *See* Def. Mem. at 18.

As to her Second Cause of Action for unfair competition under GBL § 349, Silver has not

made any showing that Mr. Lavandeira has engaged in a "deceptive consumer-oriented act or

practice" in New York that is "misleading in a material respect" from which her cause of action

arose. *See id.* Because Silver has failed to identify both the in-state conduct and the harm

arising from that conduct, her Second Cause of Action cannot be the basis upon which

jurisdiction is conferred.

As to her Third Cause of Action for tortious interference, the only "prospective business"

Silver claims that Mr. Lavandeira allegedly interfered with is BlogAds, an online ad network.

*See* Silver Sept. 20 Decl. App. 80. This allegation fails on many fronts. As an initial matter, and

once again, Silver has not identified any business allegedly transacted by Mr. Lavandeira in New

York from which this cause of action arose. Of equal importance, BlogAds itself is located in

North Carolina. *See id.* Moreover, Silver has not put forth any evidence that BlogAds would

have (or even that it will not) enter into a business relationship with her and certainly not any

evidence that BlogAds would have a relationship with her "but for" Mr. Lavandeira's

interference. *See* Def. Mem. at 20. Indeed, based on the evidence submitted by Silver,

"[a]cceptance into Blogads as bloggers requires an invitation from a blogger currently selling

advertising space with Blogads." Silver Sept. 26 Decl. App. 80; Reply Eilender Decl. Ex. C.

Here, Silver has not even bothered to proffer evidence of such an invitation. The only evidence

that Silver put forth regarding her "potential relation" with Blogads is her wireless statement summary.  At best, her wireless statement indicates that on July 1st and 2nd of this year – before Mr. Lavandeira's counsel even sent her the cease and desist letters – she made six phone calls to Blogad's business number in North Carolina.  *See* Silver Sept. 20 Decl. App. 213.  These calls, which were made one immediately after the other, lasted between one (1) and three (3) minutes. *Id.*  That "evidence" shows neither that Blogads had wanted to enter a business relation with Silver nor that Mr. Lavandeira interfered with such relation.  Further, these calls were made to a (919) which is a *North Carolina* prefix, and not to New York.  *See id.*  Finally, Silver has not put forth one shred of evidence that Mr. Lavandeira interfered in any way with any possible business relation with Blogads.  Each of these deficiencies is fatal.

### 2.  Section C.P.L.R. § 301(a)(3)

Silver's conclusory argument that she has been injured in the state is contradicted by the undisputed facts showing that she lives in and operates her business from New Jersey.  The sole piece of "evidence" that Silver puts forth to establish any connection with New York is her claim that she uses the fax and e-mail services from 1-800-We-Answer, which is located at 545 Eighth Avenue.  *See* Silver Sept. 26 Decl. ¶ 29 & Ex. 2.  *See also supra* at 8.  This does not show that she derives any revenue form New York or that any conduct by Mr. Lavandeira has caused her to lose revenue from New York.  *See K-Line*, 2007 WL 1732435, at *3 n.3 ("no colorable basis" for jurisdiction under C.P.L.R. §302 because the plaintiff failed to demonstrate anything other than "indirect financial loss") (citation omitted); *Overseas Media*, 407 F. Supp. 2d at 576 * 578 (the "New York injury requirement of Section 302(a)(3)" requires that the injuries be "[a]ctual" and "direct" in the "form of lost sales or customers" and not "remote or consequential"); *Yellow Page*

*Solutions*, 2001 WL 1468168 (to satisfy C.P.L.R. §302(a)(3) must "specifically allege" actual "lost business").

Similarly, that Silver may attend parties in New York or target businesses here is insufficient to confer jurisdiction pursuant to C.P.L.R. § 301(a)(3) where there is no evidence before this Court that New Yorkers are doing business with Silver or that Mr. Lavandeira's conduct in New York interfered with those business relations. *See, e.g., Ball v. Metallurgie Hoboken-Overpelt, S.A.*, 902 F.2d 194, 200 (2nd Cir. 1990) (in order to sustain jurisdiction under C.P.L.R. § 302(a)(3) need showing that the goods were "used or consumed" in New York); *Mareno v. Rowe*, 910 F.2d 1043, 1046 (2nd Cir. 1990) (general claim that suffered "economic consequences" in New York insufficient to confer jurisdiction under C.P.L.R. § 302(a)(3)).

**D.**   **Silver Fails To Satisfy Due Process Considerations**

Because the test for establishing jurisdiction under the C.P.L.R. is more stringent than under the federal Due Process Clause, Silver's failure to satisfy sections 301 and 302 *a fortiori* mean that she cannot satisfy the Due Process requirements. *Girl Scouts of the U.S.A. v. Steir*, 102 Fed. Appx. 217, 220-21 (2nd Cir. 2004); *K-Line*, 2007 WL 1732435, at 13 (no need to "address the additional constitutional requirements for personal jurisdiction under the 'minimum contacts' analysis" where no jurisdiction afforded under New York's long-arm statute).

**III.**   **SILVER HAS DEFAULTED ON THE RULE 12(b)(6) MOTION**

Silver does not address the arguments made in the opening brief as to why her three causes of action fail to state a claim and has thus conceded that part of Mr. Lavandeira's motion. At best, Silver only suggests that she believes that Mr. Lavandeira has attempted to interfere in her business, but an "attempt" does not constitute tortuous interference or a violation of the GBL. *See Nadel v. Play-by-Play Toys & Novelties, Inc.*, 208 F.3d 368, 382 (2nd Cir. 2000) (no claim for tortious interference without actual interference and damages resulting therefrom); *Andre*

*Strishak & Assoc., P.C. v. Hewlett Packard Co.,* 300 A.D.2d 608, 609 (2nd Dept. 2002) (actual

injury to *consumers* required to state claim under GBL).  Of course, Silver does not dispute that

there is no such thing as a First Amendment violation by a private actor, and she does not show

how her speech in fact was chilled or impaired.

## CONCLUSION

For the reasons set forth above, Mr. Lavandeira's motion to dismiss should be granted,

and Silver's motion for discovery should be denied.  Alternatively, both motions and the case

should be stayed pending the California Court's resolution of Silver's anticipated motion to

dismiss the Prior Federal California Action for lack of personal jurisdiction.

Dated: New York, New York
       September 5, 2008

                                        Respectfully submitted,
                                        **SCHLAM STONE & DOLAN, LLP**


                            By:   _____
                                        Jeffrey M. Eilender
                                        David J. Katz
                                        Hillary S. Zilz
                                        26 Broadway
                                        New York, New York 10004
                                        Telephone:   (212) 344-5400
                                        Facsimile:   (212) 344-7677


                                                   *-and-*

                                        **FREEDMAN & TAITELMAN, LLP**
                                        Bryan J. Freedman, Jesse A. Kaplan
                                        1901 Avenue of the Stars - Suite 500
                                        Los Angeles, California 90067
                                        Telephone:   (310) 201-0005
                                        Facsimile:   (310) 201-0045

                                        *Attorneys for Defendant Mario Hermando
                                        Lavandeira, Jr., a/k/a Mario Lavandeira,
                                        a/k/a Perez Hilton*