# SCHLAM STONE & DOLAN LLP

26 BROADWAY
NEW YORK, N.Y. 10004

(212) 344-5400
TELECOPIER: (212) 344-7677
www.schlamstone.com

HARVEY M. STONE
RICHARD H. DOLAN
WAYNE I. BADEN
JAMES C. SHERWOOD
THOMAS A. KISSANE
BENNETTE D. KRAMER
JEFFREY M. EILENDER
JOHN M. LUNDIN
JONATHAN MAZER

PETER R. SCHLAM (1944-2005)

OF COUNSEL
RONALD G. RUSSO
MARY W. ANDERSON
DAVID J. KATZ
ERIK S. GROOTHUIS
HILLARY S. ZILZ
ANDREW S. HARRIS

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12/4/08

November 25, 2008

**BY HAND**

The Honorable Debra Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

MEMO ENDORSED

    Re:    *Silver v. Lavandeira, et al.*
             <u>Case No.: 08 CV 6522 (JSR) (DCF)</u>

Dear Judge Freeman:

    This firm represents all of the defendants in the above-referenced matter. I am writing to request that two agenda items be added to the conference scheduled for this Monday at 9:30 am before Your Honor. Specifically, we request that (1) defendants' time to answer or otherwise respond to the First Amended Complaint be extended to January 5, 2008, and (2) the First Amended Complaint be stricken to the extent that it seeks to add new claims, or, in the alternative, that Plaintiff seek leave from the Court to amend her complaint.

    <u>First</u>, when this Court issued the scheduling order, dated November 18, 2008 (the "November 18 Order"), there was one defendant in this action and the filing deadline of December 23rd applied to that one defendant, Mr. Lavandeira. Now, there are five defendants in this action, all of whom are represented by this firm. Because these defendants are new clients whose defenses must be learned and because some of the grounds on which individual defendants will move to dismiss the complaint may differ, we will need some additional time. Moreover, as set forth below, it is unclear whether we have an operative complaint inasmuch as Plaintiff has added new claims in contravention of the Court's order. Accordingly, we respectfully request that defendants be given until January 5th to respond to the complaint.

The Honorable Debra Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
November 25, 2008
Page 2 of 4

Second, at the hearing held before Your Honor on November 7, 2008, this Court gave Plaintiff until November 21st to "clarify" the claims in her Amended Complaint so long as she did not add new claims or parties. *See also* November 18 Order. If Plaintiff sought to "add any new claims or new parties, she must proceed by way of a motion for leave to amend." *Id.* at ¶ 1. Contrary to that instruction, Plaintiff's First Amended Complaint has alleged a multitude of new facts and changed a few claims. These changes are not limited to merely clarifying the claims upon which Plaintiff is bringing her action. Rather, in many instances Plaintiff has changed the theory behind those claims. If the Court wants to know all of the changes, Defendants can provide a comparite of the two amended complaints. So as not to burden the Court with more paper, for now we would like to bring to the Court's attention the following substantive changes:

1.   *Count VII, Negligence, Harassment & Tortious Interference*

This is a new claim. *See* First Amend. Compl. ¶¶ 169-177. In connection with this claim, Plaintiff alleges that defendants "individually and/or in concert with one another, started to threaten, embarrass, harass and intimidate Plaintiff" including by "the use of harassing, threatening letters, phone call and emails." *Id.* ¶¶ 170 & 172. *See also id.* ¶¶ 171, 173-76. These allegations are entirely new too. They are based on claims of harassment rather than tortious interference with business relations. *See also, infra,* chart.

|  | Amended Complaint | First Amended Complaint |
|---|---|---|
| Allegation | "Defendant Lavandeira has also committed direct acts against Plaintiff within the jurisdiction in an effort to destroy Plaintiff's business, including but not limited to copyright infringement, and restraint of trade." Amend. Compl. ¶ 4. | "Defendant Lavandeira has also committed direct acts against Plaintiff within the jurisdiction in an effort to destroy, interfere with or damage Plaintiff's business, including but not limited to copyright infringement, restraint of trade, *interference with Plaintiff's business, threaten and harass Plaintiff and engage in frivolous litigation*." First Amend. Compl. ¶ 4 (emphasis added). |

Neither the claim nor the underlying allegations were pled in the Amended Complaint and, pursuant to this Court's November 18 Order, may not be pled without filing a motion for leave to amend.

In connection with this new claim, Plaintiff additionally adds new allegations relating to conduct by Defendants Henry Copeland, Pressflex LLC and Blogads. *See id.* ¶¶ 15, 40-46 & 108 (now alleging that Mr. Copeland notified Mr. Lavandeira about Plaintiff's site and that all of the defendants have made "false and disparaging statements about Plaintiff"). These are not "newly discovered" facts. They are allegations regarding past conduct and have been introduced

The Honorable Debra Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
November 25, 2008
Page 3 of 4

to bolster Plaintiff's new claim. Because the allegations, like the claim, have been improperly inserted by Plaintiff in contravention of this Court's November 18 Order, they should be stricken unless admitted pursuant to a motion for leave to amend the complaint.

2. *Count II, Copyright Infringement*

Plaintiff has also changed her copyright infringement claim. In the Amended Complaint, Plaintiff alleged that she had copyright registrations for specific blog postings. *See* Amend. Compl. ¶ 89. Now, Plaintiff has expanded her claim to be that she has a registered copyright for the website itself and all of the content on the website. *See* First Amend. Compl. ¶¶ 22 & 124. *See also* ¶ 17 (adding 17 U.S.C. § 412 (preregistration) as basis for jurisdiction). *Compare* Amend. Compl. ¶ 15 (no claim that Court had jurisdiction pursuant to the Copyright Act).

This is a change in the theory of her case and, presumably, has been added to support Plaintiff's current express demand for the maximum in statutory damages. *Id.* ¶ 129 & p. 29 (prayer for relief).

3. *Damages*

Plaintiff now seeks three times actual damages as to two causes for which before she sought only actual damages.

| Damages | Amended Complaint | First Amended Complaint |
|---|---|---|
| Plaintiff sought/seeks three times actual damages as to . . . | • Infringement of Registered Trademark[1]<br>• Violation of 15 U.S.C. § 1125(a) (or false designation)<br>• Unfair Competition<br>• Restraint of Trade | • Copyright Infringement **(new)**<br>• Removal or Alteration of Copyright Management Information **(new)**<br>• False Designation of Origin<br>• Restraint of Trade<br>• Unfair Competition |

---

[1] Plaintiff has dropped her claim for trademark infringement (Count IV of her Amended Complaint).

The Honorable Debra Freeman
United States Magistrate Judge
United States District Court
Southern District of New York
November 25, 2008
Page 4 of 4

Because these are material changes and not "clarifications," we respectfully submit that they should either be stricken or Plaintiff should be required to seek leave to amend, as this Court instructed both at the November 7th hearing and in the November 18 Order.

Respectfully submitted,

*Jeffrey M. Eisender* (signature)

Jeffrey M. Eisender

JME/gc

cc: (via e-mail)
Elizabeth Silver, Plaintiff *Pro Se*

**MEMO ENDORSED**

SO ORDERED: DATE: 12/1/08

*Debra Freeman* (signature)
DEBRA FREEMAN
UNITED STATES MAGISTRATE JUDGE

---

*Handwritten endorsement:*

The Court having reviewed Plaintiff's "First Amended Complaint" and having compared it to Plaintiff's previously filed "Complaint" (Dkt. 1) and "Amended Complaint" (Dkt. 34), the Court is persuaded that Plaintiff has made good faith efforts to clarify her previously-asserted claims in accordance with the Court's directive of November 7, 2008 (see Dkt 36). Under the circumstances, the Court will deem Plaintiff's so-called "First Amended Complaint" to be a Second Amended Complaint, and will accept it for filing without necessity of a motion for leave to amend.

Defendants' time to answer, move or otherwise respond to the Second Amended Complaint is extended to January 9, 2009. If, by that date, Defendants file a motion to dismiss the Second Amended Complaint, then Plaintiff shall serve and file her opposition to the motion no later than February 9, 2009, and Defendants shall serve their reply, if any, no later than February 23, 2009.